OPINION
Plaintiff-appellant Terry L. Tristano (hereinafter "husband") appeals the January 20, 1999 Judgment Entry of the Tuscarawas County Court of Common Pleas, overruling his objections to the December 4, 1998 Magistrate's Decision and ordering him to pay spousal support in the amount of $400/month for fifty-four months, commencing December 1, 1998. Defendant-appellee is Lillian Diane Tristano (hereinafter "wife").
STATEMENT OF THE FACTS AND CASE
Husband and wife were married on October 5, 1975. Three children were born as issue of said union, to wit: Terry, II (DOB 11/14/75), Shavon Elizabeth (DOB 9/4/82), and Cody Angelo (DOB 12/26/91). On February 3, 1997, husband vacated the marital residence. Thereafter, on June 27, 1997, husband filed a complaint for divorce in the Tuscarawas County Court of Common Pleas. On July 29, 1997, wife filed a pro se counterclaim for legal separation. On September 10, 1997, the magistrate ordered husband to pay temporary child support in the amount of $260/month/child and temporary spousal support in the amount of $150 per month. On March 19, 1998, the magistrate conducted a hearing on husband's complaint for divorce. After hearing all the evidence, the magistrate recommended wife be named the residential parent and legal custodian of the parties' two minor children, and husband be ordered to pay child support in the amount of $249.79 per month/per child. The magistrate further recommended husband be ordered to pay spousal support in the amount of $400 per month for a period of fifty-four months, effective December 1, 1998. Additionally, the magistrate recommended each party retain their own 401-K plans. The magistrate entered his findings of fact and recommendations via Magistrate's Decision dated December 4, 1998. On December 18, 1998, husband filed objections to the Magistrate's Decision, taking issue with the magistrate's recommendation of a spousal support order of $400/month for fifty-four months. On December 23, 1998, wife filed objections to the Magistrate's Decision, taking issue with certain factual findings. Neither husband nor wife filed a transcript of the March 19, 1998 hearing with the trial court. Via Judgment Entry dated January 20, 1999, the trial court approved and adopted the December 4, 1998 Magistrate's Decision. The trial court concluded the magistrate's recommendation to award spousal support to wife in the amount of $400/month for a period of fifty-four months was supported by the magistrate's findings of fact. Relative to wife's objections, the trial court found it could not review said objections in the absence of a transcript. It is from the trial court's January 20, 1999 Judgment Entry, overruling his objection to the Magistrate's Decision and ordering him to pay spousal support, husband appeals, raising as his sole assignment of error:
THE TRIAL COURT AND MAGISTRATE ABUSED THEIR DISCRETION IN CREATING A $400.00 PER MONTH SPOUSAL SUPPORT FOR A PERIOD OF FIFTY-FOUR (54) MONTHS WITHOUT ANY FINDING OF FACT TO SUPPORT THE AMOUNT OF SPOUSAL SUPPORT OR THE LENGTH OF TIME FOR WHICH SPOUSAL SUPPORT HAS BEEN ORDERED. SUCH AWARD OF SPOUSAL SUPPORT IS AN ABUSE OF DISCRETION.
Herein, husband maintains the trial court and the magistrate abused their discretion in ordering him to pay spousal support in the amount of $400/month for a period of fifty-four months. As noted supra, neither party filed a transcript of the magistrate's March 19, 1998 hearing with their objections. Civ. R. 53(E)(6) provides, "the court may adopt any finding of fact in the referee's report without further consideration unless the party who objects to that finding supports that objection with a copy of all relevant portions of the transcript from the referee's hearing or an affidavit about evidence submitted to the referee if no transcript is available." In accordance with Civ. R. 53(E)(6), we accept the magistrate's findings as correct; therefore, our review is limited to whether the trial court's application of the law to the magistrate's factual findings constitutes an abuse of discretion. See, State ex rel. Duncan v. Chippawa Twp. Trustees (1995), 73 Ohio St.3d 728, 730 (Citation omitted). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice in determining whether the trial court acted unreasonably, arbitrarily or unconscionably. Pursuant to R.C. 3105.18(C)(1), a trial court must consider certain factors in making determinations of spousal support: (C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
(a) The income of the parties, from all sources * * *; (b) The relative earning abilities of the parties; (c) The ages and the physical, mental, and emotional conditions of the parties; (d) The retirement benefits of the parties; (e) The duration of the marriage; (f) The extent to which it would be inappropriate for a party, because he will be custodian of a minor child of the marriage, to seek employment outside the home; (g) The standard of living of the parties established during the marriage; (h) The relative extent of education of the parties; (I) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties; (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party; (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought; (l) The tax consequences, for each party, of an award of spousal support; (m) The lost income production capacity of either party that resulted from that party's marital responsibilities; (n) Any other factor that the court expressly finds to be relevant and equitable.
Further, trial courts are governed by the standards and guidelines imposed by the Ohio Supreme Court in Kunkle v. Kunkle (1990),51 Ohio St.3d 64, paragraph one of the syllabus: Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities.
In the instant action, the magistrate made the following findings:
1. * * * The parties were married on October 5, 1975. Three children have been born as issue of this marriage, namely Terry Tristano, II, date of birth November 14, 1975, who is now an emancipated adult, Shavon Elizabeth Tristano, date of birth September 4, 1982 and Cody Angelo Tristano date of birth December 26, 1991.
* * *
6. The Plaintiff has been employed throughout most of the parties marriage at Lauren Manufacturing and has a 401K plan which was valued at $8,054.81 on December 31, 1996 which was immediately prior to the parties separating. The Defendant has a 401K plan in the amount of $1,200.00.
* * *
9. Mr. Tristano remains employed by Lauren Manufacturing and as of March 8, 1998 had a year to date income of $4,624.00. That amount projects to a yearly income of $25,190.45. Ms. Tristano is unemployed and the undersigned imputes the minimum wage to her.
* * *
11. The Defendant worked seasonally throughout the marriage for one month a year at Norman's Clothing Store. She also worked seven years full-time as a sale associate at JC Penney until mid 1997 when she was filed because she misused her employee discount card to buy an item for her mother.
December 4, 1998 Magistrate's Decision at 1-3.
In its January 20, 1999 Judgment Entry, the trial court stated: It is the opinion of this Court after careful examination of the Findings of Fact and the Recommendations of the Magistrate that the recommendation to award spousal support in the amount of Four Hundred Dollars ($400.00) per month for a period of fifty-four (54) months commencing December 1, 1998, is, in fact, supported by the Findings of Fact. In doing so, the Court relies upon the balancing factors of Ohio Revised Code 3105.18 and all other relevant factors, including the division of debt and other marital assets.
January 20, 1999 Judgment Entry at 2.
Husband contends the magistrate failed to make any findings of fact to support the amount and duration of the award, and the findings the magistrate made did not provide the trial court with sufficient evidence from which to conclude spousal support should be ordered. Husband further submits the trial court failed to set forth its reasoning for the award. Essentially, husband asserts the trial court's legal conclusion to order spousal support does not follow from the magistrate's factual findings relative to the parties' assets and obligations, and relative earning abilities. The magistrate found the parties had been married for over twenty years. Wife worked for seven of those twenty years as a full-time sales associate with a retail store, but was currently unemployed. Throughout most of the parties' marriage, husband worked for Lauren Manufacturing. Husband had a projected yearly income of $25,190.45 for 1998. Although neither the trial court nor the magistrate addressed each and every factor listed in R.C.3105.18(C)(1), such failure does not affirmatively demonstrate the trial court did not consider all the factors and does not preclude the court from awarding spousal support. The Magistrate's Decision provides factual findings regarding the income of the parties, the relative earning abilities of the parties, the duration of the marriage, and the relative assets and liabilities of the parties. These factual findings provided the trial court with a sufficient basis to support an award of spousal support. Upon review the magistrate's findings of fact and the entire record in this matter, we find the trial court did not abuse its discretion in ordering husband to pay spousal support to wife at the rate of $400/month for fifty-four months. Husband's sole assignment of error is overruled.
The January 20, 1999 Judgment Entry of the Tuscarawas County Court of Common Pleas is affirmed.
By: Hoffman, J. Wise, P.J. and Farmer, J. concur